UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

JOEL SCHWARTZ on behalf of himself and
all other similarly situated consumers

                         Plaintiff,

          -against-

RELIN, GOLDSTEIN & CRANE, LLP

                         Defendant.
_____

## CLASS ACTION COMPLAINT

### Introduction

1.    Plaintiff, Joel Schwartz, seeks redress for the illegal practices of Relin, Goldstein & Crane, LLP in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). Parties

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

4.    The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5.    Upon information and belief, Defendant's principal place of business is located within Rochester, New York.

6.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

**Jurisdiction and Venue**

8.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

**Allegations Particular to Joel Schwartz**

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On many occasions within the past year, Relin, Goldstein & Crane, LLP left messages on Plaintiff Joel Schwartz's voice mail stating: "This message is for Joel Schwartz; if we've reached the wrong number for this person please contact us at 18002039552 to remove your number. If you are not Joel Schwartz, please hang up. If you are Joel Schwartz, please continue to listen to this message. Mr. Joel Schwartz you should not listen to this message if other people can hear it as it contains personal and private information. [sic] **from the Law office of Relin, Goldstein & Crane**; this is an attempt to collect a debt by a debt collector, any information obtained will be used for that purpose. Please contact me regarding an important business matter at 18002039552, Ext. [sic]." (emphasis added)

12. The said messages communicate to the least sophisticated consumer that the communications came from a law firm in a practical sense, hence these messages violate 15 U.S.C. § 1692e(3).

13. Upon information and belief, Relin, Goldstein & Crane, LLP is not a law office in the practical sense. Relin, Goldstein & Crane, LLP was not meaningfully involved as a law firm in the collection of the Plaintiff's debt.

14. Relin, Goldstein & Crane, LLP engages in a deceptive dunning collection campaign of

phone calls and voice-mail messages using the words "**the Law office of Relin, Goldstein & Crane**" which are part of a ploy conveying to the debtor that the message is a communication from a law office in the practical sense, which is solely intended to strike fear in the hearts of the debtors and get the debtors knees knocking.[1]

15.    The FDCPA prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It enumerates a non-exhaustive list of sixteen debt-collection practices that run afoul of this proscription, including "the false representation or implication that [a] communication is from an attorney." Id. § 1692e(3). The Second circuit has held that a debt-collection letter from a law firm or an attorney violates Section 1692e(3) if an attorney was not "directly and personally involved" with the debtor's account – such as by reviewing the debtor's file – before the letter was sent.[2]

16.    The same applies to a prerecorded or human voice-mail message because a voice mail message containing a law-firm audio caption such as: "**the Law office of Relin, Goldstein & Crane**" would imply meaningful attorney involvement, which does not exist absent participation by an attorney in the debt-collection process.[3]

17.    The Second Circuit confronted similar facts in *Clomon*. There, the attorney Defendant approved the form of dunning letters sent by a collection agency and also "approved the procedures according to which th[e] letters were sent." He did not have any specific

---

[1] See Avila v. Rubin, 95 F.3d 222, 228 (7th Cir. 1996) ("An unsophisticated consumer, getting a letter from an 'attorney,' knows the price of poker has just gone up. And that clearly is the reason why the dunning campaign escalates from the agency, which might not strike fear in the heart of the consumer, to the attorney, who is better positioned to get the debtor's knees knocking."); Veillard v. Mednick, 24 F. Supp. 2d 863, 867, 1998 U.S. Dist. LEXIS 16587 (N.D. Ill. 1998) (The court stated "The Avila court held that using the term "attorney" without an attorney actually working on the file was confusing as a matter of law."); Suquilanda v. Cohen & Slamowitz, LLP No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011) ("Absent any disclaimer and without an attorney conducting any meaningful review, using a "Law Office" letterhead states a claim for relief under Section 1692e(3).")

[2] Clomon v. Jackson, 988 F.2d 1314, 1320-21 (2d Cir. 1993).

[3] See, e.g., Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 364 (2d Cir. 2005) ("[W]e [have] established that a letter sent on law firm letterhead . . . does represent a level of attorney involvement to the debtor receiving the letter. And if the attorney or firm had not, in fact, engaged in that implied level of involvement, the letter is . . . misleading within the meaning of the FDCPA.")

involvement with each debtor's account, however, such as reviewing the debtor's file or the particular letter being mailed. Id. The Second Circuit concluded that the challenged letters, despite bearing the Defendant attorney's signature, violated Section 1692e(3) because, although literally "from" an attorney, they "were not `from' [him] in any meaningful sense of that word." The same result is obtained here.[4]

18.   The Defendant would surely admit that the message mentioned above did not include any such disclaimer; yet, Relin, Goldstein & Crane, LLP did send out letters after these messages were left and in those letters, Relin, Goldstein & Crane, LLP admitted that in fact at the time the phone messages were left, no attorney had reviewed the file. Specifically, the Defendant stated in its letter which was sent after the "Law Office" message was left that "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account."

19.   In particular, the communications at hand in this case would imply that it is from an attorney in the practical sense since it was the initial communication.  No Bona Fide error defense exists because Relin, Goldstein & Crane, LLP has a standard practice to leave in every message, the words "LAW OFFICE" or "Attorneys."[5]

20.   Defendant, as a matter of pattern and practice, leaves messages, or causes voice mail messages to be left on debtor's answering machines, using language substantially similar

---

[4] See Bard v. Law Offices of Harold E. Scherr, P.C., No 19 Docket No. 1:13-cv-01411 (E.D.N.Y. June 6 2014) (The court found that a prerecorded voicemail (without a disclaimer) that included the words "law office" or "attorney," can imply a level of attorney or firm involvement in the debt collection process. The court stated that it "can find no principle that would justify a distinction between a voicemail message and a letter for purposes of FDCPA liability; in either case, the communication must not misrepresent the extent to which an attorney has become involved in the debt collection process."). The FDCPA prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." - 15 U.S.C. § 1692e. It enumerates a non-exhaustive list of sixteen debt-collection practices that run afoul of this proscription, including "the false representation or implication that [a] communication is from an attorney." Id. § 1692e(3). The Second circuit has held that a debt-collection letter from a law firm or lawyer violates Section 1692e(3) if an attorney was not "directly and personally involved" with the debtor's account — such as by reviewing the debtor's file — before the letter was sent.)
[5] See Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989) (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.); Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993) (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.); Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996) (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

or materially identical to that utilized by Defendant in the above-cited messages which were left on Plaintiff's answering machine on many occasions.

21.   Defendant leaves thousands of messages like the ones left for Plaintiff without conducting any meaningful review of the accounts.

22.   The human and/or prerecorded messages Defendant leaves, or causes to be left on debtors answering machines, are produced by Defendant' concerted efforts and integrated or shared technologies including computer programs, *Robo* calling technologies, dialers, and electronic databases.

23.   The communications from Relin, Goldstein & Crane, LLP say: "**the Law office of Relin, Goldstein & Crane**" are standardized pre-scripted voice mails.

24.   Although Relin, Goldstein & Crane, LLP may technically be a law firm, it was not acting in the capacity of a law firm with respect to the said messages. The inclusion of "law offices" is therefore materially deceptive and misleading in that it communicates to the least sophisticated consumer that the communications came from a law firm in a practical sense, when they did not.  Said messages are false and misleading in violation of 15 U.S.C. § 1692e(10).[6]

25.   If Relin, Goldstein & Crane, LLP desires to take advantage of the additional collection leverage provided by the use of a law firm's name in connection with purely identical and standardized debt-collection related activities, it is free to do so under the law of the Second Circuit; so long as its each and every one of its standardized communications including letters and voice mail messages do not give the least sophisticated consumer the impression that the communications are from an attorney or law firm in the practical

---

[6] <u>Miller v. Wolpoff & Abramson, L.L.P.</u>, 321 F.3d 292, 306, 2003 U.S. App. LEXIS 3409, 55 Fed. R. Serv. 3d 746 quoting Nielsen, 307 F.3d at 638 and stating that "an attorney must have some professional involvement with the debtor's file if a delinquency letter sent under his name is not to be considered false or misleading in violation of **section 1692e(3) and (10)**." (emphasis added)

sense.[7]

26.     The representatives that left the said messages are not attorneys and, are not licensed to practice law in the State of New York or any other State.

27.     At no time did any of the messages which were left for the Plaintiff indicate that the representatives are actually non-attorney debt collectors.

28.     The telephone number (585) 232-7400 is answered by persons who are employed by Relin, Goldstein & Crane, LLP as non-attorney "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

29.     Said messages are in violation of 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10) for failing to qualify that the messages were from a non-attorney, for failing to qualify that no attorney from the firm had reviewed the debt, for implying meaningful attorney involvement, and that the communications came from an attorney in the practical sense.

30.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

31.     Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

32.     Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

33.     Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

34.     Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

35.     Defendant's communications were designed to cause the debtor to suffer a harmful

---

[7] See e.g. Clomon v Jackson, 988 F2d 1314, 1320 (2d Cir. 1993); Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009) ("Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up."); Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293 (E.D.N.Y.2005). (The court found that the collector's letter with text on the front and back regarding attorney involvement was confusing to the least sophisticated consumer and violated 15 U.S.C. § 1692e.)

disadvantage in charting a course of action in response to Defendant's collection efforts.

36.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

37.    These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

38.    Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

39.    This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

40.    The identities of all class members are readily ascertainable from the records of Relin, Goldstein & Crane, LLP and those business and governmental entities on whose behalf it attempts to collect debts.

41.    Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Relin, Goldstein & Crane, LLP, and all of their

respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

42. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

43. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

44. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

45. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the

Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on

information and belief, collects debts throughout the United States of America.

46.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

47.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

48.     Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

49.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**CAUSE OF ACTION**

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.**

50.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through forty nine (49) herein with the same force and effect is if the same were set forth at length herein.

51.     This cause of action is brought on behalf of Plaintiff and the members of a class.

52.     The class involves all individuals whom Defendant's records reflect resided in the New

York State and who received a telephone message from one of Defendant's collection representatives: (a) which stated that the message was from "the law offices of Relin, Goldstein & Crane" but which failed to qualify that the debt had not been reviewed by an attorney and/or that the telephone messages did not qualify that the person leaving the message was a non-attorney at the firm; (b) the message was left concerning the seeking payment of an alleged debt; and (c) that Plaintiff asserts the message contained violations of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).

### Violations of the Fair Debt Collection Practices Act

53.    The Defendant's actions as set forth above in the within complaint violate the Fair Debt Collection Practices Act.

54.    The Defendant's violation of the Fair Debt Collection Practices Act, entitles the Plaintiff and the members of the class to damages in accordance with the Fair Debt Collection Practices Act.

55.    As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover actual and statutory damages, costs and attorney's fees.

**WHEREFORE**, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a)    Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)    An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities, including without limitation:

(i)    Directing Defendant to cease engaging in debt collection practices that

violate the FDCPA; and

(d)     Any other relief that this Court deems appropriate and just under the

circumstances.

Dated: Brooklyn, New York
        August 7, 2017

                                    ___/s/ Maxim Maximov_____
                                    Maxim Maximov, Esq.
                                    Attorneys for the Plaintiff
                                    Maxim Maximov, LLP
                                    1701 Avenue P
                                    Brooklyn, New York 11229
                                    Office: (718) 395-3459
                                    Facsimile: (718) 408-9570
                                    E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

                                    ___/s/ Maxim Maximov_____
                                    Maxim Maximov, Esq.